[No. 14595.  Department One.  May 6, 1918.]

*In the Matter of the Estate of* J. J. FERGUSON.
HIRAM C. GILL, *Executor, Appellant,* v.
JAMES F. McFARLAND, *Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—ORDER TO SELL REAL ESTATE—
CONSTRUCTION.  An order in probate, directing the executor to "immediately mortgage or sell" a portion of the estate, contemplates that he take the necessary steps provided by statute for that purpose.

Appeal from an order of the superior court for King county, Ronald, J., entered August 21, 1917, directing the sale or mortgaging of property of an estate to pay fees of the executor, after a hearing upon a show cause order.  Affirmed.

*Heber B. Hoyt* and *Herman S. Frye,* for appellant.

*E. H. Guie* and *Ballinger, Battle, Hulbert & Shorts,* for respondent.

MAIN, J.—This is an appeal by the executor of the estate of J. J. Ferguson, deceased, from an order of the superior court directing him to mortgage or sell so much of the estate as might be necessary to raise the sum of $11,363.43.  J. J. Ferguson died on the 19th day of September, 1914, leaving a will in which, as the executor thereof, he named Hiram C. Gill, who thereafter became the qualified and acting executor of such last will and testament.  On the 27th day of April, 1915, the executor assigned in writing to one James F. McFarland all his commissions then due or thereafter to become due or owing to him as executor.  This assignment provided that the commissions, when collected and paid to McFarland, should be credited upon certain notes which the executor individually was owing to McFarland.  During the course of the administra-

[1]Reported in 172 Pac. 813.

tion of the estate, an order was entered fixing the fees of the executor at the sum of $11,363.43. On December 20, 1916, the executor filed his final account and petitioned the court for an order of distribution, and the order of distribution was entered on February 1, 1917. On August 9, 1917, McFarland petitioned the probate court for an order directed to the executor requiring him to show cause why he should not take steps as by law required to either mortgage or sell such portion of the estate as might be necessary to realize a sum sufficient to pay the commissions, in order that the same might be applied upon a judgment in favor of the petitioner which had been rendered in a mortgage foreclosure action. The notes above mentioned were secured by the mortgage. On the same day an order was entered directing the executor to show cause why he should not mortgage or sell a portion of the estate for the purpose of realizing the above mentioned sum. This show cause order was answered by the executor, and the cause in due time was heard by the court. After the hearing, an order was entered directing the executor to sell or mortgage so much of the estate as might be necessary to realize an amount sufficient to pay any balance due him as executor's fees. From this order, the executor appeals.

No statement of facts or bill of exceptions has been brought to this court. The trial judge made no findings as to the facts. Upon this state of the record the only question that the court can consider is that raised relative to the construction of the order entered. The appellant claims that the order is a summary direction to him to sell and mortgage, and does not contemplate that he shall take the necessary steps defined in the statute when property of an estate is to be mortgaged or sold. The respondent claims that the intent and purpose of the order was that the executor should

mortgage or sell in the manner provided by law. While the order is that the executor be

"directed and required to immediately either mortgage or sell such portion of said estate as is necessary to realize an amount sufficient to pay any balance payable to him as such executor upon said executor's fees allowed as aforesaid . . ."

we think it plain that it was not contemplated by the order that the executor should sell or mortgage the property of the estate without taking the necessary steps provided by statute for that purpose. There being nothing in the order which would indicate that the property was to be mortgaged or sold in any other manner than that provided by statute, it seems plain that the order should be given such construction as would harmonize with the statute, rather than one which would not be in harmony therewith.

Affirmed.

ELLIS, C. J., WEBSTER, PARKER, and FULLERTON, JJ., concur.